230 July 1, 2026 No. 626

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Alison NEWMAN,
an individual,
*Plaintiff-Appellant,*

*v.*

DOUGLAS COUNTY
and Douglas County Parks Department,
*Defendants-Respondents.*

Douglas County Circuit Court
24CV13834; A187994

Jason R. Thomas, Judge pro tempore.

Submitted May 12, 2026.

Joseph M. Harder and JMH Law, LLC filed the briefs for appellant.

Aaron P. Hisel filed the brief for respondents.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals a judgment that dismissed her complaint against defendants, arguing on appeal that the trial court erred in granting summary judgment to defendants. We affirm.

> "We review a trial court's grant of summary judgment to determine whether there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. That standard is satisfied if, viewing the relevant facts and all reasonable inferences in the light most favorable to the nonmoving party—here, plaintiff— no objectively reasonable juror could return a verdict for [plaintiff] on the matter that is the subject of the motion for summary judgment."

*Evans v. City of Warrenton*, 283 Or App 256, 258-59, 388 P3d 1167 (2016) (citation and internal quotation marks omitted).

Plaintiff is heir to an estate that deeded land currently known as "Discovery Point Lane" to Douglas County until it is "no longer used as [a] County Road." If that condition occurred, the land was to "revert to Owner of Record." Defendants gated one end of Discovery Point Lane so that it no longer served to connect two larger county roads. However, Discovery Point Lane continued to be used to provide access into and out of a county-owned park. Plaintiff thereafter filed suit claiming that defendants' actions triggered the reversion clause. After a hearing on defendants' motion for summary judgment, the trial court determined that no reasonable juror could conclude that Discovery Point Lane was no longer used as a county road. The trial court reasoned that although Discovery Point Lane was "no longer a through road it remains in use as a County road." The trial court therefore determined that the reversion clause had not been triggered and granted summary judgment in favor of defendants.

Having reviewed the record in light of our standard of review, we determine that plaintiff's assignments of error do not provide any basis for relief because they do not demonstrate that the trial court committed any reversible error in its summary judgment ruling.

Affirmed.